THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT KOUSCH, Defendant.

County Court, Jefferson County, August 3, 1953.

*Reginald P. Bigness* for defendant.

*Angus G. Saunders, District Attorney,* for plaintiff.

GILES, Special County Judge. This is an application by the defendant to set aside the judgment of conviction and sentence imposed by Hon. HENRY A. HUDSON, then County Judge of Jefferson County, on the 23d day of February, 1952, upon the following grounds:

(1) The sentence imposed violated his constitutional rights in that it constituted cruel and unusual punishment;

(2) That the defendant before trial was in such a state of insanity, imbecility or idiocy as to prevent him from adequately participating in his trial;

(3) That because of such mental condition he could not intelligently waive his right to a jury trial;

(4) That certain testimony concerning identification was knowingly withheld, which if presented could have raised a reasonable doubt;

(5) For such other and further relief as to the court may seem just and proper.

Upon the hearing, counsel for defendant presented no proof or argument on the first, second, third and fourth points set forth in his order to show cause, and it was stipulated that these matters could be considered at another hearing.

The argument was then directed solely to the question as to whether the judgment of conviction was void because of the imposition of the sentence of " not less than one day nor more than the term of his natural life " in Elmira Reformatory.

The facts are as follows: The defendant was indicted for the crime of assault in the second degree, with intent to commit rape.

That thereafter and on the 8th day of June, 1951, the trial was held before the Hon. CRANDALL F. PHILLIPS, then County Judge, now deceased, without a jury, the jury having been waived by the defendant who was represented by counsel.

The case was tried and resulted in a verdict of guilty of the crime of assault in the second degree as aforesaid, which conviction was had on the 11th day of June, 1951.

Thereafter an order was made directing a psychiatric examination to be made of the defendant which report found that the defendant was insane, and on the 2nd day of July, 1951, he was committed to Matteawan State Hospital.

On or about the 1st day of February, 1952, the court was advised that the defendant was sane. He was discharged from Matteawan and returned to the court for the imposition of sentence.

On the 23rd day of February, 1952, the defendant was brought before the Hon. HENRY A. HUDSON, then County Judge, and was sentenced by him to be confined at the New York State Reception Center at Elmira, New York, for an indeterminate term, the minimum to be not less than one day and the maximum the term of his natural life.

The defendant was returned from the Reception Center at Elmira, New York, for resentence on the ground that the sentence should have been to some other institution than Elmira Reception Center, and on the 26th day of February, 1952, the defendant was given the following sentence: " To be confined in the Elmira Reformatory at Elmira, New York, pursuant to section 243 of the Penal Law, for an indeterminate term, the minimum of which will be one day, the maximum term of which will be the term of his natural life."

A psychiatric examination was ordered, pursuant to section 2189-a of the Penal Law.

The question presented is whether or not this defendant can be confined in Elmira Reformatory under an indeterminate sentence such as imposed here.

On the 26th day of February, 1952, the defendant was twenty-three years of age, had never before been convicted of a crime and was eligible for commitment to Elmira Reformatory. (Penal Law, § 2185; Correction Law, § 288.)

Section 2185 of the Penal Law reads as follows: " A male between the ages of sixteen and thirty, convicted of a felony, who has not theretofore been convicted of a crime punishable by imprisonment in a state prison, may, in the discretion of the trial court, be sentenced to imprisonment in the Elmira reformatory, *to be there confined under the provisions of law relating to that reformatory.*" (Italics supplied.)

Section 288 of the Correction Law insofar as applicable reads as follows: "Any person who shall be convicted of an offense punishable by imprisonment in Elmira reformatory, and who, upon such conviction, shall be sentenced to imprisonment therein, shall be imprisoned according to this article, and not otherwise. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole in the executive department, but such imprisonment shall be for a period not to exceed *five years,* except ". (Italics supplied.)

Section 243 of the Penal Law reads as follows: " *Punishment for assault in second degree.* Assault in the second degree is punishable by imprisonment in a *penitentiary or state prison* for a term not exceeding five years, or by a fine of not more than one thousand dollars, or both; provided, however, any person convicted of assault in the second degree for an assault upon another with intent to commit the felony of rape in the first degree, rape in second degree, sodomy in the first degree, sodomy in the second degree or carnal abuse may be punished by imprisonment for an indeterminate term, the minimum of which shall be one day and the maximum of which shall be the duration of his natural life." (Italics supplied.)

Section 2195 of the Penal Law reads as follows: " *Imprisonment when sentenced to a reformatory.* When a person shall be sentenced to imprisonment in a reformatory as prescribed in section two hundred eighty-eight of the correction law, the court imposing sentence shall not fix or limit the duration thereof."

The sentence imposed by the court of not less than one day not more than the term of his natural life was one that could be imposed in the discretion of the court under section 243

486

of the Penal Law; therefore, the judgment of conviction is not void.

The imprisonment of the defendant under this sentence at Elmira Reformatory in my opinion is incorrect for the reason it seems to be the present intent of the law that a person cannot be confined in Elmira Reformatory for more than five years.

This section (Correction Law, § 288) prior to its amendment in 1945 (L. 1945, ch. 678) contained the words, "not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced." The amendment struck out these words and substituted therefor, " for a period not to exceed five years." Part of the Governor's Memorandum on approving this amendment stated, " The bill also places a five-year maximum limitation on sentences to the Elmira Reformatory. At the present time, persons sent to Elmira receive an indeterminate sentence with a minimum of one day and a maximum fixed at the maximum sentence possible for the crime of which the defendant was convicted. As a result of reducing the maximum of the sentence to five years, it is believed the selection of offenders for that institution will be improved. Originally, it was designed for young offenders and offenders most susceptible to rehabilitation."

It follows that it was the clear intent of the Legislature to impose a maximum term of imprisonment in Elmira Reformatory to five years, and the sentence imposed in this case is inconsistent with that intent and impossible of being completely carried out by that institution for the reason they will have to do something with him after five years and at any rate after he arrives at the age of thirty years.

The sentence imposed in this case is inconsistent with section 2195 of the Penal Law because that section prohibits the court from fixing or limiting the duration of the sentence.

I also believe the sentence is inconsistent with the intent of section 2185 of the Penal Law which directs the sentence to Elmira Reformatory be in the form, " to be there confined under the provisions of law relating to that reformatory."

To sum the matter up, the sentencing judge could have sentenced the defendant to an indeterminate sentence in a penitentiary or State prison for a period not to exceed five years, or sentenced him to not less than one day nor more than his natural life in a prison or penitentiary, or to Elmira Reformatory to be there confined under the provisions of law relating to that institution.

It is, therefore, adjudged that the sentence imposed on this defendant is incorrect, and I direct that the defendant be returned to this court for resentence.

Prepare order accordingly.